# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:19-cv-267-FDW

| | | |
|---|---|---|
| **BRANDON M. PICKENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **JASPER ROGERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on its October 22, 2019 Order, (Doc. No. 7), requiring Plaintiff to show cause why this action should not be dismissed for lack of prosecution.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while in the custody of the Buncombe County Detention Facility. (Doc. No. 1). He was mailed an Order of Instructions informing him of his responsibilities in this case, *inter alia*, keeping the Court advised of his current address at all times. (Doc. No. 2 at 2). Plaintiff was cautioned that, "[if his] address changes and no Notice is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution." (Id.). On October 18, 2019, mail addressed to Plaintiff was returned to the Court as undeliverable. (Doc. No. 6). On October 22, 2019, the Court ordered Plaintiff to show cause within 14 days why this matter should not be dismissed for lack of prosecution. (Doc. No. 7). The Court cautioned Plaintiff that failure to comply with the Order would result in dismissal of this action without prejudice. (Doc. No. 7 at 2). The Court's October 22 Order was returned as undeliverable on October 30, 2019. (Doc. No. 9). Plaintiff has failed to update the Court with his current address or respond to the October 22 Order and the time to do so has now expired.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must

keep the Court apprised of his current address. See <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. <u>Accord</u> <u>Walker v. Moak</u>, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See <u>generally</u> Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." <u>Attkisson v. Holder</u>, 925 F.3d 606, 625 (4th Cir. 2019) (quoting <u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address and has failed to comply with the Court's September 23 and October 22 Orders. It appears that Plaintiff has abandoned this action. This action will be dismissed without prejudice for lack of prosecution and for failing to comply with a Court Order.

**IT IS, THEREFORE, ORDERED that:**

(1) <u>This action is dismissed without prejudice for lack of prosecution and for Plaintiff's failure to comply with this Court's September 23 and October 22, 2019 Orders</u>.

(2) The Clerk of this Court is directed to terminate this action.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge